# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| *In re*: Application Pursuant to 28 U.S.C. § 1782 of<br><br>THE REPUBLIC OF THE GAMBIA<br><br>     Petitioner,<br><br>   v.<br><br>FACEBOOK, INC.<br><br>     Respondent. | Case No.: 1:20-mc-00036-JEB-ZMF |

**THE REPUBLIC OF THE GAMBIA'S MOTION FOR RECONSIDERATION OF THE COURT'S DECLINATION TO CONSIDER ITS ALTERNATIVE GROUNDS FOR SUSTAINING THE MAGISTRATE JUDGE'S ORDER**

## INTRODUCTION

In its December 3, 2021 Memorandum Opinion, the Court sustained Facebook's objections to the Magistrate Judge's September 22, 2021 Order and then "decline[d] to consider The Gambia's alternative grounds for sustaining the Order, as they are not presented as objections to any specific portion of the Order." ECF No. 31 at 14. But The Republic of The Gambia ("The Gambia") had *prevailed* before the Magistrate Judge on the Stored Communications Act (SCA) issue and was not seeking any additional relief on that issue. As discussed below, a prevailing party in a discovery dispute is not required to file objections. Nor does a prevailing party waive its right to argue alternative grounds for upholding a magistrate judge's ruling by not filing objections, particularly where, as here, the Court ordered the prevailing party to submit a response in lieu of objections and the prevailing party presented those alternative grounds in its response to the opposing party's objections.

By declining to consider The Gambia's alternative grounds for upholding the Magistrate Judge's Order, the Court erred. The Court should therefore grant the motion for reconsideration and rule on The Gambia's alternative grounds for upholding the Magistrate Judge's Order on the SCA issue.

## PROCEDURAL HISTORY

On June 8, 2020, The Gambia filed an Application to take discovery from Facebook under 28 U.S.C. § 1782. ECF No. 1. Facebook opposed the Application, primarily on the grounds that the SCA prohibits Facebook from producing the requested material. ECF No. 8.

Following additional briefing and lengthy oral argument, Magistrate Judge Faruqui issued an Order on September 22, 2021, granting in part and denying in part The Gambia's Application to take discovery from Facebook under 28 U.S.C. § 1782. ECF No. 22. The Order held that the

1

SCA does not prohibit the disclosure of private pages and communications and that production of this material was warranted under 28 U.S.C. § 1782. *Id*. The Gambia had therefore prevailed on the SCA issue and had obtained the relief it was seeking. The Order declined to grant The Gambia's request for additional discovery, namely, a Rule 30(b)(6) deposition.

Under Rule 72(b), the parties were permitted to file objections within 14 days. On September 29, 2021, the parties filed a Joint Stipulation and Request for Extension of Time to File Objections to Magistrate Judge Faruqui's Order, which requested that "[b]oth Respondent and Petitioner may have up to and including October 13, 2021, to file any Objections." ECF No. 23 at 1. The Court granted in part the parties' joint motion but also deviated from the parties' requested relief as well as the technical requirements of Rule 72(b). Noting "that simultaneous briefing is considerably less helpful than sequential" briefing (and implicitly recognizing The Gambia as the prevailing party in the litigation before Magistrate Judge Faruqui), the Court issued a Minute Order that required only Facebook to file its "objections" by October 13, 2021, The Gambia "to respond" by October 27, 2021, and Facebook "to reply" by November 3, 2021. 9/30/21 Minute Order. The parties abided by the Court's scheduling order: first Facebook filed its "Objections" to the Magistrate Judge's Order (ECF No. 24), then The Gambia filed its "Response" (ECF No. 27), and finally Facebook filed its "Reply" (ECF No. 28).

In its "Response," The Gambia defended Magistrate Judge Faruqui's Order on the SCA issue (ECF No. 27 at 13-27), provided "Alternate Grounds for Upholding the Order" (*id*. at 38-40), and filed a "Rule 72(a) Objection to The Denial of a Deposition" (*id*. at 40-41). In the "alternate grounds" section, The Gambia argued that "the Court should overrule Facebook's objections in its entirety. However, should the Court disagree, The Gambia respectfully requests that it uphold the Order of projection on two alternate grounds, each of which was fully presented

2

below." *Id*. at 38. The Gambia then discussed each of those two alternate grounds. *Id*. at 38-40. The Gambia did not characterize its "Alternate Grounds for Upholding the Order" as objections because the Order provided The Gambia with the relief it was seeking on that issue.

In its "Reply," Facebook argued (very briefly) that The Gambia's "alternate grounds" argument for affirmance was "improper" because The Gambia did not properly "object" to the Magistrate Judge's Order. ECF No. 28 at 16. Facebook cited a single case, *Klayman v. Judicial Watch, Inc.*, 628 F. Supp. 2d 98, 102 (D.D.C. 2009), in support of its position. *Id*. Facebook then devoted seven paragraphs to addressing the merits of The Gambia's alternate grounds. *Id*. at 16-18. Because Facebook made its failure-to-object argument in its reply brief, The Gambia did not have an opportunity to respond to that argument in its filings.

In its Memorandum Opinion, this Court expressly "decline[d] to consider The Gambia's alternative grounds for sustaining the Order, as they are not presented as objections to any specific portion of the Order." ECF No. 31 at 14. The Court also cited *Klayman* for the proposition that a "court may reject arguments that fail to comply with Local Rule 72.2(b)'s requirement that party specifically object to parts of magistrate judge order." *Id*.

As discussed below, the Court's declination to consider The Gambia's "alternate grounds" was clear error and so the Court should grant the instant motion and rule on The Gambia's "alternate grounds" for upholding the Magistrate Judge's Order.[1]

---

[1] In filing the instant motion for reconsideration on the alternate grounds issue, The Gambia does not concede that the Court's ruling that Facebook's private pages and communications are stored "for purposes of backup protection" is correct. While the Gambia disagrees with the Court's ruling on that issue, The Gambia believes that direct appeal is the appropriate vehicle for review of that ruling, should the Court not uphold the Magistrate Judge's Order on alternative grounds.

3

**ARGUMENT**

Rule 54(b) permits a party to file a motion for reconsideration where a court has issued a non-dispositive ruling in a case. *See Singh v. George Washington Univ.*, 383 F.Supp.2d 99, 101 (D.D.C. 2005). The court has "broad discretion" to hear a motion for reconsideration brought under Rule 54(b). *Parker v. John Moriarty & Assocs.*, 221 F.Supp.3d 1, 2 (D.D.C. 2016) (citations omitted). Reconsideration is appropriate "as justice requires." *Id*. Justice requires reconsideration where a movant demonstrates: "(1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order." *Id.*

In this case, the Court's refusal to consider The Gambia's "alternate grounds" for upholding Magistrate Judge Faruqui's Order because The Gambia did not file an "objection" is a "clear error." As the prevailing party on the SCA issue, The Gambia was not required to "object" to the Magistrate Judge's SCA ruling. And The Gambia did not waive its right to argue the alternate grounds by not characterizing them as "objections." Finally, The Gambia was following the Court's own scheduling order by filing a response rather than objections.

As an initial matter, the Court's reliance on *Klayman v. Judicial Watch, Inc.*, 628 F.Supp.2d 98 (D.D.C.), for the proposition that a "court may reject arguments that fail to comply with Local Rule 72.2(b)'s requirement that party specifically object to parts of magistrate judge order" (ECF No. 31) is misplaced. The issue in *Klayman* was whether the district court should be recused because it had overruled each of Klayman's objections, not whether a prevailing party is required to file objections to a magistrate judge's order. 628 F.Supp.2d at 99. Notably, Klayman had *lost* each of the discovery disputes before the magistrate judge *and* had filed objections to the magistrate judge's rulings. *Id.* at 102. And even though Klayman had failed to comply with the technical requirements of Rule 72.2(b), the court "in its discretion, each time declined to strike

4

Klayman's objections for noncompliance with the local rules and instead proceeded to the merits of Klayman's objections." *Id*.  Here, by contrast, The Gambia had *won* the SCA discovery dispute before the magistrate judge and, as a result, did not file an objection on that issue.  Put simply, *Klayman* has nothing to say about the issue here.

      The issue here is whether a *prevailing* party in a discovery dispute is required to file "objections" to the magistrate judge's ruling such that failure to do so constitutes a waiver.  The answer is no.  Numerous federal circuit courts have held that "'a party, who substantially prevails in a magistrate judge's recommendation, does not waive the right to appeal secondary issues resolved against him by failing to object to the recommendation.'"  *United States v. Street*, 917 F.3d 586, 598 (7th Cir. 2019) (quoting *Vanwinkle v. United States*, 645 F.3d 365, 371 (6th Cir. 2011)); *M. v. Falmouth Sch. Dep't*, 847 F.3d 19, 26 (1st Cir. 2017); *see also Cooper v. Taylor*, 103 F.3d 366, 373 (4th Cir. 1996) ("Although we and the Supreme Court have long held that the losing party before the district court and before a magistrate must preserve every claim it intends to raise on appeal lest it waive those claims . . . we have consistently held that the prevailing party in either forum need not advance on appeal every error it believes as committed by the magistrate or court in the course of ruling in that party's favor." (Luttig, J., concurring).

      The Seventh Circuit's opinion in *Street* and the Sixth Circuit's opinion in *Vanwinkle* are instructive.  In *Street*, the court considered whether a prevailing party is required to file an objection to a magistrate judge's recommendation.  917 F.3d at 597-99.  There, the magistrate judge recommended denying the defendant's motion to suppress evidence in a robbery case, even though the officers lacked reasonable suspicion to stop the defendant, because the evidence used to prosecute the defendant was too attenuated from the constitutional violation to prosecute the defendant and that the stop was made in good faith.  *Id*. at 592.  The defendant filed objections to

5

the magistrate judge's recommendation, while the government did not. *Id*. After the district court adopted the magistrate judge's recommendation, the defendant argued on appeal that the district court erred by applying the attenuation doctrine, and, crucially for our purposes, that the government waived the argument that the stop was constitutional because it did not file its own objection to the magistrate judge's recommendation. *Id*. The Seventh Circuit rejected the defendant's waiver argument. *Id*. at 597. The court noted that "waiver rules in [criminal] Rule 59(b)(2) and its civil counterpart, Fed. R. Civ. P. 72(b)(2) seem to come up on appeal only when the party unhappy with the magistrate judge's bottom-line recommendation has failed to object" (*id*. at 598), that no cases in the Seventh Circuit prohibit prevailing parties from arguing on appeal a rationale that the magistrate judge rejected (*id*.), that other circuit courts have held that a prevailing party does not waive a right to appeal secondary issues resolved against them by failing to object to the magistrate's recommendation (*id*.), and that a prevailing party on appeal may raise an argument "on appeal that was unsuccessful before the district court without filing a cross-appeal" (*id*. at 599). In the end, the court concluded that "Rule 59(b)(2) does not require the prevailing party to object to the reasoning of the magistrate judge if the recommendation is a decision in the party's favor and the prevailing party seeks no more favorable relief." *Id*.

In *Vanwinkle*, the Sixth Circuit also considered whether a prevailing party had waived its right to make an argument on appeal where it had failed to make an objection to the magistrate judge's ruling. 645 F.3d at 371. The court distinguished its case from the typical situation where the party had failed to object to an *adverse* ruling and so the party had waived its rights to appeal. *Id*. Unlike that situation, "[h]ere, the magistrate judge ruled in the government's favor on the merits, and the government merely chose not to object to this finding by raising an alternative ground for finding in its favor." *Id*. In holding that the government did not waive its right argue

6

an alternative ground for upholding the magistrate judge's ruling, the court said: "To require the government to object to this recommendation [in its favor] is illogical." *Id.*

Like the government in *Street* and *Vanwinkle*, The Gambia received a decision in its favor and so had no reason to file objections to the Magistrate Judge's Order. To require The Gambia to object to Magistrate Judge Faruqui's SCA order is "illogical." *Id*. Had Facebook not filed an objection to the Magistrate Judge's Order on the SCA issue, The Gambia would have taken no action at all on that issue because it had obtained all the relief it was seeking.[2]

To be sure, it does not appear that the D.C. Circuit has addressed the specific question at issue here. But there is no reason to think that it would depart from the common-sense approach of other federal circuits, which rely on the Supreme Court's well-established doctrine that a prevailing party may make alternate arguments in support of a lower court's grant of relief. *See, e.g., Street*, 917 F.3d at 598 (citing *Jennings v. Stephens*, 574 U.S. 271, 276 (2019); *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 333 (1980)). Moreover, one district court in this jurisdiction has suggested that a prevailing party need not object to a magistrate judge's ruling, by stating in the context of Rule 72(b) that a "*dissatisfied* party is obligated to raise timely objections to a Magistrate Judge's Report." *Taylor v. District of Columbia*, 205 F.Supp.3d 75, 79 (D.D.C. 2016) (emphasis added). The Gambia was obviously not "dissatisfied" with Magistrate Judge Faruqui's ruling on the SCA issue because it had obtained the relief it was seeking.

Finally, it is worth noting that this Court deviated from the technical requirements of Rule 72(b) by both enlarging the time to file objections and requiring only Facebook to file "objections" and The Gambia "to respond" even though the Court knew that The Gambia was seeking to file

---

[2] The Gambia did not receive the relief it was seeking with respect to the 30(b)(6) deposition, which is why it filed an objection with respect to the Magistrate Judge's ruling on that issue.

objections. 9/30/21 Minute Order. Of course, The Gambia was seeking to file objections, and did file objections, only with respect to the discovery request that it lost, namely, the denial of the deposition. But the point is that the Court should not punish The Gambia for (correctly) not labeling its alternative grounds as objections when the Court (mistakenly) ordered only Facebook to file "objections." And it cannot be that the Court can deviate from the technical requirements of Rule 72(b) by ordering The Gambia "to respond" to Facebook's objections and yet fault The Gambia for not presenting its alternative grounds as "objections." The reason for requiring writing objections is to "prevent[] parties from 'sandbagging' the district judge by failing to object and then appealing." *Street*, 917 F.3d at 597 (internal quotation marks). The Gambia did not "sandbag" this Court; it clearly (and properly in our view) presented its alternative grounds for upholding the Magistrate Judge's Order in its response. *See* ECF No. 27 at 38-40.

## CONCLUSION

For the reasons stated above, this Court should grant the instant motion and rule on The Gambia's alternate grounds for upholding the Magistrate Judge's Order.

Dated: December 10, 2021                             Respectfully submitted,

                                                     */s/ Timothy P. O'Toole*
                                                     Timothy P. O'Toole (D.C. Bar No. 469800)
                                                     Michael J. Satin (D.C. Bar No. 480323)
                                                     MILLER & CHEVALIER CHARTERED
                                                     900 16th Street, N.W.
                                                     Washington, D.C. 20006
                                                     Telephone: (202) 626-5552
                                                     Fax: (202) 626-5801
                                                     totoole@milchev.com
                                                     msatin@milchev.com

                                                     *Counsel for Applicant, The Republic of The Gambia*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 10th day of December 2021.

*/s/ Michael J. Satin*
Michael J. Satin (D.C. Bar No. 480323)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| *In re*: Application Pursuant to 28 U.S.C. § 1782 of <br> THE REPUBLIC OF THE GAMBIA <br><br> Petitioner, <br><br> v. <br><br> FACEBOOK, INC. <br><br> Respondent. | Case No.: 1:20-mc-00036-JEB-ZMF |

## [PROPOSED] ORDER

Upon consideration of The Republic of The Gambia's Motion for Reconsideration of the Court's Declination to Consider Its Alternative Grounds for Sustaining the Magistrate Judge's Order filed by the Petitioner, any opposition from Facebook, and the record hearing, it is hereby ORDERED that the Motion is granted.

Date: _____

The Hon. James E. Boasberg
Judge, United States District Court for
the District of Columbia